Mathison v. NH State Prison          CV-98-457-M    04/30/01

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


James L. Mathison,
        Petitioner

        v.                                    Civil No. 98-457-M
                                              Opinion No. 2001 DNH 085
Michael J. Cunningham, Warden,
New Hampshire State Prison;
The New Hampshire Supreme Court; and
Merrimack County Superior Court,
        Respondents


                          **O R D E R**


        James L. Mathison, appearing pro se, petitions for a writ of

habeas corpus, challenging his state court convictions for one

count of felonious sexual assault and one count of aggravated

felonious sexual assault.  See 28 U.S.C. § 2254.  In his

petition, Mathison advances three arguments in support of his

requested relief: first, he claims that he was denied effective

assistance of counsel at his criminal trial; second, he says that

the procedures employed by the state superior court in reaching

the merits of his subsequent state petition for habeas corpus

operated to deny him his constitutional rights to due process and

equal protection; and, finally, he raises essentially the same

due process and equal protection claims with regard to the manner

in which the New Hampshire Supreme Court disposed of his appeal of the lower state court's denial of his habeas corpus petition.

## Factual Background and Procedural History

In July of 1990, Mathison was indicted on charges of felonious sexual assault and aggravated felonious sexual assault. His first trial resulted in a deadlocked jury and a mistrial. Subsequently, he was re-tried and convicted on both counts. The New Hampshire Supreme Court, however, vacated those convictions, since Mathison was not provided with transcripts of the first trial prior to commencement of the second trial. Accordingly, the matter was remanded and scheduled for a third trial.

Prior to his third trial, Mathison was charged with perjury, arising from testimony he had given in his second trial. The perjury charge was consolidated with the two sexual assault charges and trial began. Mathison was again convicted on both sexual assault counts, but acquitted on the perjury count. He then appealed to the New Hampshire Supreme Court, which affirmed his convictions. See State of New Hampshire v. Mathison, No. 95-245 (N.H. February 4, 1996).

2

In April of 1997, Mathison filed a petition for writ of habeas corpus in the New Hampshire Superior Court (Merrimack County), alleging that he was denied effective assistance of counsel during his third trial. After ruling on a number of procedural motions, the court held a hearing on October 24, 1997, at which it heard testimony from witnesses and arguments on the merits of the petition. By order dated November 24, 1997, the court denied Mathison's request for habeas relief. See Mathison v. Cunningham, No. 97-E-0132 (Merrimack Sup. Ct. November 24, 1997). Mathison appealed that denial to the New Hampshire Supreme Court, which summarily affirmed the lower court's decision. See Mathison v. Warden, New Hampshire State Prison, No. 98-013 (N.H. July 6, 1998). Mathison then filed a petition for writ of habeas corpus in this court.

By order dated October 19, 2000 (document no. 18), the court observed that Mathison's due process and equal protection claims all relate to discretionary and procedural decisions made during the course of his state court habeas corpus proceeding - a collateral challenge to the alleged deficiencies in his criminal trial.

3

There is, however, a more fundamental problem with petitioner's remaining claims. Each relates to some alleged deficiency in the manner with which the state superior court or supreme court handled his state petition for habeas corpus. <u>See</u> Petition for Habeas Corpus (document no. 1), claims 12.B.1 through 12.C.6. Thus, through this proceeding, petitioner is seeking to challenge the procedures relating to, and ultimately the results of, state proceedings that were <u>collateral</u> to his underlying criminal trial.

<u>Id.</u> at 8 (emphasis in original). Distinguishing <u>Dickerson v. Walsh</u>, 750 F.2d 150 (1st Cir. 1984), the court concluded that, under the facts alleged in Mathison's petition, those due process and equal protection claims were not cognizable in a § 2254 petition.

Consequently, even if <u>Dickerson</u> remains good law and state inmates may employ 28 U.S.C. § 2254 to challenge certain constitutional deficiencies in state collateral review procedures, the court concludes that, at least in this case, petitioner cannot utilize the writ of habeas corpus to litigate what he perceives to have been errors of judgment made by the judge presiding over his state habeas petition that are not of constitutional magnitude and that are not related to his confinement. Dismissal is particularly appropriate in this case since petitioner, unlike the petitioner in <u>Dickerson</u>, was afforded a full opportunity to present all the claims raised in his petition, given a hearing on the matter, provided with a written opinion in which the court explained the basis for its denial of his petition, and permitted to appeal that decision to the State's highest court.

4

<u>Id.</u> at 11-12 (citation omitted).

Accordingly, the court denied Mathison's petition for habeas relief as to his due process and equal protection claims. What remains, then, is his claim to have been denied effective assistance of counsel at his third criminal trial. The State acknowledges that, as to that claim, Mathison has met the exhaustion requirements of § 2254(b)(1). Nevertheless, because it asserts that Mathison cannot meet the requirements of § 2254(d), the State says it is entitled to judgment as a matter of law. Mathison has not objected and the time for filing any objection lapsed nearly a month ago.

**Discussion**

I. <u>Legal Framework</u>.

To prevail on his § 2254 petition with regard to his claims, Mathison must demonstrate that the state court adjudication of his habeas petition "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Alternatively, he must show that the state court's

5

resolution of his petition was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court recently explained the distinction between decisions that are "contrary to" clearly established federal law, and those that involve an "unreasonable application" of that law.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000). With those principles in mind, the court considers Mathison's petition.

II.   The State Habeas Court's Decision.

The parties agree that each of the specific instances of alleged ineffective assistance Mathison points to in his § 2254

6

petition, was presented to and addressed by the state habeas court.

> The petitioner claims that he was denied effective
> assistance of counsel in his third trial because his
> attorney: (1) failed to introduce certain photographs
> of scars on his body, which were introduced at the
> first and second trials; (2) failed to call Pamela
> Bouchard, a defense investigator, who testified at the
> first two trials; (3) failed to call certain other
> character witnesses; (4) failed to take advantage of
> the prosecutor's use of a standard phrase the
> prosecutor uses at the beginning of his closing
> argument; (5) failed to object and request a mistrial
> when a witness referred to one of the [petitioner's]
> prior trials; (6) failed to challenge "inappropriate
> behavior" by the prosecutor; [and] (7) f[a]iled to
> include the prosecutor's introduction of a certain
> photograph of the accuser in the notice of appeal.

Mathison v. Cunningham, at 1-2.[1]  See also Petitioner's Notice of

Appeal to New Hampshire Supreme Court (Jan. 6, 1998) (raising the

same issues in his appeal to the state supreme court).

---

[1]     Those claims correspond to the following claims raised
in Mathison's § 2254 petition: 12.A.1 (body scars); 12.A.4
(Pamela Bouchard); 12.A.8 (character witnesses); 12.A.5 (closing
argument); 12.A.6 (reference to prior trial); 12.A.3
(prosecutorial misconduct); and 12.A.7 (notice of appeal).  As to
his final claim of ineffective assistance - counsel's alleged
"failure to challenge the accuser's direct material perjury,"
habeas petition at 12.A.2 - Mathison says it was subsumed within
his assertion that counsel failed to challenge the prosecutor's
"inappropriate behavior" (i.e., subornation of perjury), treated
by the state courts as such, and, therefore, properly exhausted.
See Petition for Habeas Corpus, at para. 12.A.2.

7

A.    § 2254(d)(2) - Unreasonable Determination of Facts.

Mathison does not appear to challenge the state court's denial of his habeas petition on grounds that it was based upon "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Even if he were, however, nothing in the record would support such a claim.

Most of the pertinent facts underlying Mathison's legal claims are undisputed.  For example, all agree that Mathison's trial counsel did not use the phrase, "oh what a tangled web we weave," in his closing as Mathison had requested.  And, the State does not deny that Pamela Bouchard was not called as a defense witness at Mathison's third trial, or that counsel elected not to introduce evidence of Mathison's scars, or that counsel did not include in the notice of appeal to the state supreme court the evidentiary issue concerning the introduction, at trial, of the photograph of Mathison's accuser.  As to the few factual issues that were actually in dispute (e.g., whether Mathison instructed counsel to introduce evidence of his scars or whether Mathison asked counsel to call Ms. Bouchard as a witness), there was

8

conflicting testimony and the state court was required to assess the relative credibility of the witnesses and ascribe such weight to their testimony as it deemed appropriate.  Nothing in the record or Mathison's submissions suggests that the state court's factual findings were "unreasonable."  See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").  See also Coombs v. State of Maine, 202 F.3d 14 (1st Cir. 2000).

B.   § 2254(d)(1) - Contrary to Established Federal Law.

The state habeas court neither applied a rule of law that contradicted the Supreme Court's holdings in cases involving alleged ineffective assistance of counsel, nor did it reach a different result based upon a set of materially indistinguishable facts.  To the contrary, the state court correctly identified and applied the proper legal standards, as articulated in Strickland

9

v. Washington, 466 U.S. 668 (1984). Specifically, the state habeas court observed:

> In order to prevail on his claim that he received ineffective assistance of counsel, the petitioner must satisfy a two-pronged test. The petitioner must first show that his trial attorney's performance was deficient, and second that the attorney's deficient performance resulted in actual prejudice to the petitioner.
>
> To show deficient performance, the attorney's conduct must fall below an objective standard of reasonable competence. . . . To establish prejudice, the petitioner must demonstrate that there is a reasonable probability that the result of the proceedings would have been different had he[] received competent representation.

Mathison v. Cunningham, at 2-3 (citations and internal quotation marks omitted). See also Strickland, 466 U.S. at 687, 694.

Based upon the facts produced before the state habeas court, one cannot reasonably conclude that a different outcome of that proceeding was mandated by Supreme Court precedent. Consequently, Mathison is not entitled to habeas relief under the "contrary to" clause of § 2254. See, e.g., Williams v. Matesanz, 230 F.3d 421, 426 (1st Cir. 2000) ("A state court decision that applies the correct legal rule but reaches an independent outcome

10

on different facts cannot be deemed to run at cross purposes to Supreme Court precedent.  Accordingly, section 2254(d)(1)'s 'contrary to' prong cannot be used here to spearhead habeas relief.").  As the Supreme Court observed in <u>Williams v. Taylor</u>,

> [A] run-of-the-mill state-court decision applying the correct legal rule from our cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s "contrary to" clause.  Assume, for example, that a state-court decision on a prisoner's ineffective-assistance claim correctly identifies <u>Strickland</u> as the controlling legal authority and, applying that framework, rejects the prisoner's claim.  Quite clearly, the state-court decision would be in accord with our decision in <u>Strickland</u> as to the legal prerequisites for establishing an ineffective-assistance claim, even assuming the federal court considering the prisoner's habeas petition might reach a different result applying the <u>Strickland</u> framework itself.  It is difficult, however, to describe such a run-of-the-mill state-court decision as "diametrically different" from, "opposite in character or nature" from, or "mutually opposed" to <u>Strickland</u>, our clearly established precedent.  Although the state-court decision may be contrary to the federal court's conception of how <u>Strickland</u> ought to be applied in that particular case, the decision is not "mutually opposed" to <u>Strickland</u>.

<u>Williams</u>, 529 U.S. at 406.

11

C.    § 2254(d)(1) - Unreasonable Application of Federal Law.

Next, the court must consider whether the state habeas court's decision involved "an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  "This reduces to a question of whether the state court's derivation of a case-specific rule from the Court's generally relevant jurisprudence appears objectively reasonable."  O'Brien v. DuBois, 145 F.3d 16, 25 (1st Cir. 1998).  As the Supreme Court has pointed out, however, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law."  Williams, 529 U.S. at 410 (emphasis in original).  In light of that admonition, the Court held:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 411.


Here, the record reveals that the state court's decision denying Mathison habeas relief was not the product of an

12

"unreasonable application" of the governing federal law. To the contrary, the state court's decision addresses each of Mathison's claims, applies the appropriate legal standard, and appears to reach a reasonable, plausible, well-supported conclusion.

First, with regard to most of Mathison's claims, the state court concluded (after hearing testimony from both Mathison and his trial attorney) that trial counsel's challenged decisions were the "result of reasonable tactics, not incompetence."

> For instance, the decision not to introduce the evidence of the defendant's scars as a way of impeaching the victim, or the decision not to attempt to "throw off" the prosecutor by hoisting him by his "oh what a tangled web we weave" argument, and the decision not to draw attention to the reference to a prior trial by a witness - were all tactical decisions that are reasonable when one considers the blueprint of the criminal jury trial.

Mathison v. Cunningham, at 3. In light of the testimony introduced at the hearing on Mathison's habeas petition, it cannot be said that those conclusions were themselves unreasonable or that they were the product of an unreasonable application of the Strickland standard. See Transcript of Hearing on a Petition for Habeas Corpus (October 24, 1997). See

13

generally <u>Lema v. United States</u>, 987 F.2d 48, 54-55 (1st Cir. 1993).

Next, the state habeas court rejected Mathison's claim that trial counsel rendered constitutionally deficient assistance by having failed to raise an evidentiary issue in Mathison's notice of appeal. Mathison claims that the prosecutor in his underlying criminal trial improperly introduced a photograph of Mathison's accuser. The trial court admitted that photograph over the objection of Mathison's counsel and Mathison claims that counsel should have presented that evidentiary issue to the state supreme court on appeal. The state habeas court rejected Mathison's claim on two grounds. First, it concluded that the photograph was properly admitted at Mathison's criminal trial and, therefore, "the fact that the photo issue was not appealed shows a reasonable understanding of the rules of evidence." <u>Mathison v. Cunningham</u>, at 4. Additionally, the court concluded that even if his counsel's performance was deficient and the issue should have been raised on appeal, Mathison had failed to show that he was prejudiced by counsel's failure to do so. <u>Id.</u> <u>See also</u> <u>Strickland</u>, 466 U.S. at 697.

14

Finally, applying the "prejudice" prong of the <u>Strickland</u> test more broadly, the state habeas court determined that none of the alleged deficiencies in Mathison's third trial served to undermine confidence in the jury's verdict.  In other words, the court concluded that Mathison failed to show that there is a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>Strickland</u> 466 U.S. at 694, or that such alleged errors were sufficient to "undermine confidence in the [trial's] outcome." <u>Id.</u>  In support of that conclusion the state habeas court observed that although Mathison's second criminal trial suffered from none of the alleged deficiencies present in his third trial, he was still convicted of the sexual assault charges against him. That is to say, although Pamela Bouchard <u>did</u> testify at Mathison's second trial, character witnesses <u>did</u> testify at the second trial, photographs of his scars <u>were</u> introduced and his accuser <u>was</u> confronted with them (all matters Mathison claims were lacking in his third trial), the jury still returned a verdict of guilty.[2]

_____

[2] Mathison's convictions following his second trial were vacated by the state supreme court on procedural grounds, after the court determined that Mathison was entitled to, but failed to receive, a transcript of his first trial.

15

In light of the foregoing, even if this court disagreed with the state habeas court's ultimate resolution of Mathison's petition (and it does not), it cannot conclude that the state court's decision denying Mathison's petition for habeas relief involved, or was the product of, an unreasonable application of clearly established law. Rather, the state court correctly identified and reasonably applied the governing Supreme Court precedent in arriving at its conclusion that Mathison was not denied effective assistance of counsel at his third criminal trial.

**Conclusion**

The record of Mathison's criminal trial and his subsequent state court habeas proceeding reveals that the state court's denial of his petition for habeas corpus relief was not based upon an unreasonable determination of the facts in light of the evidence presented to it, nor was that decision contrary to clearly established federal law, nor did it involve an unreasonable application of that law. Consequently, the State is entitled to judgment as a matter of law and its motion for summary judgment (document no. 20) is granted. The Clerk of

16

Court shall enter judgment in accordance with this order and close the case.

      **SO ORDERED.**

                                     _____
                                      Steven J. McAuliffe
                                      United States District Judge

April 30, 2001

cc:  James L. Mathison, pro se
     Ann M. Rice, Esq.